An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-704

Filed 6 May 2026

Guilford County, No. 25CV005827-400

MARISSKA HOOD,

      Plaintiff,

      v.

TITLEMAX OF VIRGINIA, INC.,

      Defendant.

Appeal by defendant from order and judgment entered 27 May 2025 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 24 February 2026.

    *Brown, Faucher, Peraldo & Benson PLLC, by James R. Faucher, Drew Brown, and Kevin Rust, for plaintiff-appellee.*

    *Ellis & Winters LLP, by Andrew S. Chamberlin, and Venable LLP, by Abram I. Moore, Nelson M. Hua, and Daniel J. Hayes, pro hac vice, for defendant-appellant.*

ZACHARY, Judge.

Defendant TitleMax of Virginia, Inc. ("TitleMax") appeals from the trial court's order denying vacatur and confirming an Arbitration Award and judgment entered

in favor of Plaintiff. On appeal, TitleMax raises two arguments: that the court erred (1) "by denying vacatur and confirming the Award, which failed to draw its essence from the Virginia Loan Agreements" and (2) "by confirming the Award based on reasons not stated in the Award." After careful review, we affirm the trial court's order and judgment in favor of Plaintiff.

Plaintiff is a North Carolina resident who received three high-interest car title loans from TitleMax. Plaintiff was loaned $1,021.50 at 179.68% interest per annum, $1,221.50 at 190.96% interest per annum, and $3,021.50 at 179.47% interest per annum, which was legal in Virginia but prohibited by law in North Carolina. Plaintiff traveled to a TitleMax store in Virginia where TitleMax employees inspected her car and she executed the loan contracts. With each loan, TitleMax placed a lien on Plaintiff's vehicle and recorded the lien with the North Carolina Department of Motor Vehicles to perfect its security interest.

The Loan Agreements provided that most disputes would be resolved by a third-party arbitrator following the JAMS arbitration rules and contained a "Governing Law" provision specifying that "Virginia law governs this Note, but the Federal Arbitration Act governs the Waiver of Jury Trial and Arbitration Clause."

On 31 August 2022, Plaintiff "brought claims against [TitleMax] for violations of North Carolina's Consumer Finance Act (N.C. Gen. Stat. [§] 53-164 [(2025)], et seq.) and the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1, et seq.), among other claims." This action was removed to federal court

and ordered to arbitration. Plaintiff received a Final Award on 4 March 2025.

On 14 March 2025, Plaintiff filed a complaint against TitleMax, seeking confirmation of the Arbitration Award and entry of judgment against TitleMax. On 21 April 2025, TitleMax filed an answer, requesting that the trial court vacate the Arbitration Award. These matters came on for hearing on 12 May 2025 in Guilford County Superior Court. On 27 May 2025, the trial court entered an order confirming the Arbitration Award and entered judgment in favor of Plaintiff.

The court also entered an order confirming Arbitration Awards for Coleman Frazier, Brianna Hester, and Daniel Stanback and Ella Stanback and denying TitleMax's motions to vacate the Arbitration Awards and entered separate judgments in favor of the plaintiffs in the companion case of *Frazier v. TitleMax of Virginia, Inc.* (COA25-703). The findings of fact, conclusions of law, and ruling of the trial court were virtually identical.

We are contemporaneously filing an opinion in *Frazier v. TitleMax of Virginia, Inc.* (COA25-703). For the reasons set forth in *Frazier*, we conclude that the trial court did not err by denying vacatur and confirming the Arbitration Award and by entering judgment in favor of Plaintiff. The court's order and judgment are affirmed. *See Frazier v. TitleMax of Va., Inc.* (COA25-703).

AFFIRMED.

Judges STROUD and GORE concur.

Report per Rule 30(e).